IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sandjar Rakhimov,                )<br>                                              )<br>            Plaintiff,               )<br>                                              )<br>v.                                          )<br>                                              )<br>USCIS, Arlington Asylum Office, )<br>                                              )<br>            Defendant.             )<br>_____ ) | Civil Action No. 2:24-cv-6009-BHH<br><br>**<u>ORDER</u>** |

    Plaintiff Sandjar Rakhimov ("Plaintiff") filed this action on October 22, 2024, pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, alleging unreasonable delay in agency action. (ECF No. 1.) On April 15, 2025, Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 19.) Plaintiff did not file any response to Defendant's motion despite being warned of the possible consequences of failing to respond. (*See* ECF No. 20.)

    In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations. On June 10, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action without prejudice for lack of prosecution. (ECF No. 22.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

    The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

    Here, no party has filed objections to the Report, and the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 22); the Court dismisses this action without prejudice for lack of prosecution.**

    **IT IS SO ORDERED.**

                                        s/Bruce H. Hendricks
                                        United States District Judge

July 16, 2025
Charleston, South Carolina